# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH PHILLIPS,<br><br>*Plaintiff*,<br><br>v.<br><br>TRAVIS HILL, Acting Chairman, Federal Deposit Insurance Corporation,<br><br>*Defendant*. | Civil Action No. 25 - 379 (SLS)<br>Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

Judith Phillips, an African American woman working at the Federal Deposit Insurance Corporation (FDIC), brought this lawsuit alleging violations of Title VII of the Civil Rights Act of 1964. Ms. Phillips claims that her supervisor discriminated and retaliated against her by making false statements during a desk audit that occurred in 2023. The FDIC now moves to dismiss under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) for improper venue and failure to state a claim upon which relief can be granted. The Court agrees that venue in this District is improper and transfers the case to the United States District Court for the Eastern District of Virginia.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Ms. Phillips lives in Waldorf, Maryland, and works in the FDIC's Office of Investigations (OIG). Compl. ¶ 3, ECF No. 1. In October 2022, Ms. Phillips "requested a desk audit of her position" to evaluate her grade level and accredited duties, which was not conducted until September 2023. Compl. ¶ 13. She claims that the audit was "incomplete and unfair" because of

"discriminatory and retaliatory interference" from her supervisor. Compl. ¶ 14. Her supervisor allegedly made "material misstatements" to the auditor that affected her evaluation. Compl. ¶ 15. Meanwhile, a white FDIC employee received a salary increase after a desk audit. Compl. ¶ 17.

On February 9, 2025, Ms. Phillips filed suit under Title VII. Compl. ¶ 21–27. On May 9, 2025, the Defendant moved to dismiss under Rules 12(b)(3) and 12(b)(6). Mot. Dismiss, ECF No. 8. The motion is fully briefed and ripe for review. *See* Opp'n, ECF No. 9; Reply, ECF No. 11.

## LEGAL STANDARD

Under Rule 12(b)(3), a court may dismiss a case for improper venue. *See* Fed. R. Civ. P. 12(b)(3). "[T]he plaintiff usually bears the burden of establishing that venue is proper." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (quotation omitted). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court "need not accept the plaintiff's legal conclusions as true." *Williams v. Wells Fargo Bank N.A.*, 53 F. Supp. 3d 33, 36 (D.D.C. 2014). When venue is improper, a court may dismiss the case under Rule 12(b)(3) or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A case may be transferred to any district where venue is also proper '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (alteration in original) (quoting 28 U.S.C. § 1404(a)).

**DISCUSSION**

The Defendant argues that Ms. Phillips' claims should be dismissed under Rule 12(b)(3) and Rule 12(b)(6). The Court agrees that this District is an improper venue for Ms. Phillips' lawsuit and finds that transfer to the Eastern District of Virginia is appropriate.

**A. Improper Venue**

Venue in a Title VII case is not determined under the general venue statute. *See* 28 U.S.C. § 1391; *see, e.g.*, *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 86 (D.D.C. 2014). Rather, Title VII's special venue provision governs. *See Daniels v. Wilkie*, No. 17-CV-1543, 2018 WL 2324085, at *3 (D.D.C. May 22, 2018). Under that provision, venue is proper

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). "Venue is proper if at least one of the section 2000e-5(f)(3) prongs is satisfied." *Alessa v. Harker*, No. 20-CV-1320, 2021 WL 5911180, at *3 (D.D.C. Mar. 31, 2021) (citations omitted). Ms. Phillips' filings contain no facts establishing the District of Columbia as the proper venue under Section 2000e-5(f)(3).

*First*, none of the relevant events occurred in the District of Columbia. Ms. Phillips alleges that the unlawful employment practice occurred during a desk audit that was conducted virtually when Ms. Phillips was at home in Maryland, her supervisor was in South Carolina, and the auditor's location was unknown, Pl.'s Decl. ¶ 6, ECF No. 9-1. And at the time, Ms. Phillips was "assigned" to the FDIC's Arlington, Virginia office. Muru Decl. ¶¶ 2, 5, ECF No. 8-1.

*Second*, the relevant records do not appear to be maintained in the District of Columbia. The Defendant has submitted a declaration stating that "all FDIC personnel records related to

3

[Ms. Phillips]" are "created, maintained and administered" at the agency's Arlington, Virginia office. Muru Decl. ¶ 7. In response, Ms. Phillips points to a human resources document (the SF-50), effective two years after the audit in question, that lists the District of Columbia as her duty station. *See* Opp'n 7; Pl.'s Decl., Ex. 1, at 3. But Ms. Phillips' duty station on a human resources document says nothing about where the relevant records are maintained. Indeed, the FDIC's policy is for "SF-50s [to] list Washington, DC as [a] duty station" for all employees "working within the Washington, DC locality pay area," which includes employees based in Arlington, Virginia. Suppl. Muru Decl. ¶ 3, ECF No. 11-1. Venue is thus not proper under this prong either. *See Redding v. Mayorkas*, No. 22-cv-2174, 2023 WL 2645716, at *3 (D.D.C. Mar. 27, 2023) (cleaned up) ("Declarations of human resource officers and employers are sufficient to establish where the employment records are maintained and administered.").

*Third*, there is no evidence that Ms. Phillips would have worked in the District of Columbia but for the Defendant's alleged unlawful employment practice. According to the FDIC, Ms. Phillips' office is in Arlington, VA, and no OIG employees were either assigned to or work regularly in the D.C. office. Muru Decl. ¶ 5; Suppl. Muru Decl. ¶ 4. And Ms. Phillips herself notes that during the relevant time period, she was "teleworking" "in Maplewood, NJ, and [her] apartment in Alexandria, VA . . . and [then] Waldorf, MD." Pl.'s Decl. ¶ 5. While Ms. Phillips worked on a project with D.C.-based FBI staff and attended one in-person meeting in D.C., Pl's Decl. ¶ 3, this is insufficient to support venue in the District, *see Michels v. Convergent Sols., Inc.*, No. 89-cv-3165, 1991 WL 84172, at *3 (D.D.C. May 10, 1991) (finding venue improper in the District of Columbia where the plaintiff did some work in the District but her main office was in Virginia).

4

*Finally*, the fourth prong of Section 2000e-5(f)(3) is inapplicable. When the respondent can "be found in any of the districts described in the first three prongs," then the "respondent's principal office . . . is immaterial" *James v. Verizon Services Corp.*, 639 F. Supp. 2d 9, 17 n.5. (D.D.C. 2009). Here, venue is proper in Virginia (where the relevant records are maintained and Ms. Phillips was assigned to work) or Maryland (where the relevant events occurred and Ms. Phillips worked remotely).

### B.  Transfer

"Where venue is improper, the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Dastmalchian v. Dep't of Just.*, 71 F. Supp. 3d 173, 177 (D.D.C. 2014) (quoting 28 U.S.C. § 1406(a)). Where a district court determines dismissal is not warranted, it may transfer a case "to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Here, the Court declines to dismiss this case and instead transfers it to the Eastern District of Virginia, where the relevant employment records are "maintained and administered." *See* 42 U.S.C. § 2000e-5(f)(3); 28 U.S.C. § 1406(a); Muru Decl. ¶ 7. Litigating this case in the Eastern District of Virginia is likely to be more convenient for the parties and witnesses since that is where OIG employees have their offices and regularly work. *See* 28 U.S.C. § 1404(a); Suppl. Muru Decl. ¶ 3. And there is no reason transfer would prejudice the Defendant. *See Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983).

## CONCLUSION

For the foregoing reasons, the Court transfers this case to the United States District Court for the Eastern District of Virginia. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   November 4, 2025